**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 02-6410**

—————————

In Re:  ROBERT CALVIN CRAIG, JR.,

Petitioner.

—————————

On Petition for Writ of Mandamus.

—————————

Submitted:  June 20, 2002          Decided:  July 10, 2002

—————————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Robert Calvin Craig, Jr., Petitioner Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Calvin Craig, Jr., petitions this court for a writ of mandamus seeking an order directing the United States District Court for the Eastern District of North Carolina to file a 42 U.S.C.A. § 1983 (West Supp. 2001) complaint seeking redress for allegedly inadequate medical care. In September 2001, Craig submitted papers to that court in an attempt to initiate a lawsuit complaining about his medical care. However, a magistrate judge ordered that the papers not be processed and instead be returned to Craig. It appeared to the court that the papers should have been filed in the Western District of North Carolina. Further, it appeared that Craig had not filed the correct materials in support of his motion for leave to proceed in forma pauperis.[*] Craig also

---

[*] Craig includes with his mandamus petition those documents that he claims the district court returned to him. These include an affidavit in support of his application to proceed in forma pauperis as well as the executed application. It is impossible to know for certain whether Craig in fact submitted these documents to the district court. If he did, however, it is unclear why the court returned Craig's documents upon the finding that he had failed to pay the filing fee or to submit an affidavit and completed application. Second, Craig identified as Defendants individuals in both the Western and Eastern Districts of North Carolina. It is thus unclear from the face of the materials before us why the district court told Craig that it appeared that he should have filed his papers in the Western District of North Carolina. Nonetheless, Craig was given the option of re-submitting his papers upon compliance with local and federal procedural rules, and there is the chance that his papers will be found to be in compliance with such rules should he elect to try to file them again in the Eastern District of North Carolina. Presumably, if the papers are again rejected, Craig can correspond with that court to learn how he can remedy any deficiencies. In any event, as Craig can attempt to refile, the extraordinary remedy of mandamus

2

asks that we issue an order enjoining the district court, in concert with the North Carolina Department of Corrections, from retaliating against him. Finally, Craig asks us to order that the district court neither transfer nor refuse to file any of his present or future pleadings unless Craig has an opportunity to object to such transfer or refusal and unless a district judge, instead of a magistrate judge, makes the decision to transfer or refuse to file.

Mandamus is a drastic remedy to be used only in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Mandamus relief is available only when there are no other means by which the relief sought could be granted. In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he seeks and that his entitlement to relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

Craig has not made the required showing. He only speculates that the district court is conspiring with the Department of Corrections to retaliate against him by not filing papers that fully comply with the Federal Rules of Civil Procedure and the district court's local rules. Second, Craig must follow

is not appropriate at this time.

3

established procedures governing litigation. Finally, with regard to the § 1983 action that he wishes to file, the district court's order returning his papers to him states that Craig may "re-submit those papers for processing upon compliance with the Federal Rules of Civil Procedure and local rules of this court." Craig therefore has available an avenue other than mandamus to obtain the relief he seeks.

We deny leave to proceed in forma pauperis and dismiss the mandamus petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motion for a waiver of the requirements of Fed. R. App. 21 and the motion to have this case considered separately from No. 01-7330 are granted.

<u>DISMISSED</u>